# In the United States Court of Federal Claims

|  |  |
|---|---|
| GLORIA SANTIAGO, | No. 26-124 |
| Plaintiff, | Filed: March 2, 2026 |
| v. | |
| THE UNITED STATES, | |
| Defendant. | |

## MEMORANDUM AND ORDER

Plaintiff Gloria Santiago, who is incarcerated and proceeding *pro se*, brings this case against the United States seeking $12 billion in damages for a variety of alleged torts committed by actors besides the United States.  Complaint (ECF No. 1) at 6.[1]  As Plaintiff's frivolous claims fall outside this Court's limited jurisdiction, Plaintiff's Complaint must be dismissed pursuant to Rules 12(h)(3) and 28 U.S.C. § 1915A.

## BACKGROUND

On January 21, 2026, Plaintiff, who is a prisoner in a county jail in Virginia and proceeding *pro se*, filed her Complaint and a Motion for Leave to Proceed *In Forma Pauperis*.  *See* Compl. (naming "Loudoun County Govt Jail" as Plaintiff's address)[2]; ECF No. 2 (IFP Application).  As far as can be discerned from the Complaint, Plaintiff demands the Court award her $12 billion for

---

[1] Citations throughout this Order correspond to the ECF-assigned page numbers, which do not always correspond to the pagination within the document.

[2] Plaintiff also signed and submitted a Prisoner Authorization form with her Complaint, which indicates that she is a "prisoner" under 28 U.S.C. § 1915.  *See* ECF No. 1-4.

1

"[d]ebt owed to me/inability to pay out lien from 1999–2089 coins."  ECF No. 1-1 (Cover Sheet) at 1.  The Complaint does not plead any facts that explain how the lien arose or who purportedly owes Plaintiff the alleged funds.  Plaintiff also references a government procurement worth $500 million, and provides no further details.  *Id.*

Plaintiff further alleges "fault and damages against the United States of America based on criminal stalking, stranger child abduction, child into geriatric rape/forced pregnancies and . . . body disfigurement in all settings of life and academia and socialization."  Compl. at 2.  Plaintiff does not allege any facts that would explain how the United States or its agents caused the alleged injuries.  *See id.*

In addition to the above allegations against the United States, Plaintiff references dozens of alleged torts committed by other (mostly unspecified) actors in her handwritten complaint.  *See* Compl. at 1–5.  These injuries committed by private or unspecified actors include the following allegations:

- Plaintiff's online accounts with AOL, Google, Hotmail, Yahoo Mail, Microsoft, Facebook, Twitter, and TikTok were "closed under my legal name."  *Id.* at 1.

- Introduction to deadly diseases.  *Id.* at 2.

- Miscarriages.  *Id.*

- Violations of privacy.  *Id.* at 3.

- "[O]ngoing stalking/harassment/medical malpractice/police malpractice."  *Id.*

- "Anthrax Exposure as USPS/NEX Employee and at my home in Pennsylvania."  *Id.* at 4.

- Exposure to the Human Immunodeficiency Virus, Ebola, Herpes, and unnamed other sexually transmitted diseases in 2025 at an unspecified station of the Southeastern Pennsylvania Transportation Authority.  *Id.*

- Bomb fragments at the Naylor Road station of the Washington, D.C. Metro.  *Id.*

2

- Shooting injury at Deanwood station of the Washington, D.C. Metro. *Id.*

- Shooting at the Wilmington, Delaware, Amtrak station. *Id.*

- "Gang assault/rape in 1980–[1995]," in which "[e]ach [p]erson is Bahamas citizen not Ghana." *Id.* at 5.

In her Complaint, Plaintiff does not provide more than a single sentence of detail about any of these alleged torts, nor any explanation of from whom, exactly, she seeks to recover for her alleged injuries. *See id.* at 1–5.

In addition to her handwritten Complaint, Plaintiff attached more than 160 pages of exhibits. *See* ECF No. 1-2 (Exhibits); ECF No. 1-5 (additional documents). The attached exhibits include apartment listings, contact information for a local office of United States Citizenship and Immigration Services, a flyer for a neighborhood watch program, a local periodical, and other documents without any apparent relation to a suit in this Court. *See generally id.*

## STANDARD OF REVIEW

It is well-established that this Court is not a forum for all federal claims; rather it is one of limited jurisdiction. *See Marcum LLP v. United States*, 753 F.3d 1380, 1382 (Fed. Cir. 2014) ("The Court of Federal Claims is a court of limited jurisdiction."). Generally, the Tucker Act defines this Court's jurisdiction. *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (citing 28 U.S.C. § 1491(a)(1)). The Tucker Act vests this Court with jurisdiction over any suit against the United States for money damages "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). It does not create any enforceable right against the United States on its own nor does it grant jurisdiction for "every claim invoking the Constitution, a federal statute, or a regulation[.]" *United States v.*

3

*Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1987).  To invoke jurisdiction under the Tucker Act, a plaintiff must "identify a separate source of substantive law that creates the right to money damages."  *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc).

This Court liberally construes complaints filed by *pro se* plaintiffs.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, "[t]he fact that [Plaintiff] acted *pro se* in the drafting of [her] complaint may explain its ambiguities, but it does not excuse its failures, if such there be."  *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).  Although the Court liberally construes a complaint filed by a *pro se* litigant, *pro se* plaintiffs must still prove by a preponderance of the evidence that this Court has subject matter jurisdiction.  *Erickson*, 551 U.S. at 94 (2007); *Roman, v. United States*, 61 F.4th 1366, 1370 (Fed. Cir. 2023); *see also Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015) ("No plaintiff, *pro se* or otherwise, may be excused from the burden of meeting the court's jurisdictional requirements.").

This Court must dismiss all claims outside its jurisdiction.  Rule 12(h)(3); *Kissi v. United States*, 493 F. App'x 57, 58 (Fed. Cir. 2012) (citing Rule 12(h)(3)) ("If the Court of Federal Claims determines that it lacks subject matter jurisdiction, it must dismiss the claim.").  "[T]he court must address jurisdictional issues, even *sua sponte*, whenever those issues come to the court's attention, whether raised by a party or not[.]"  *St. Bernard Par. Gov't v. United States*, 916 F.3d 987, 992–93 (Fed. Cir. 2019); *see also Lofton v. United States*, No. 24-1959, 2025 WL 350360 (Fed. Cir. Jan. 31, 2025) (affirming *sua sponte* dismissal of claims for lack of jurisdiction); *D'Agostino v. United States*, No. 2024-1319, 2024 WL 4758571 (Fed. Cir. Nov. 13, 2024) (same).

4

**DISCUSSION**

As explained further below, Plaintiff's claims must be dismissed because they are frivolous and because, to the extent that the Complaint can be understood, all of the claims fall outside of this Court's jurisdiction. Additionally, Plaintiff's IFP Application must be denied on frivolousness grounds.

## I.    Frivolousness

Section 1915A provides that the Court "shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity." 28 U.S.C. § 1915A(a). When undertaking such a review, the Court is required to dismiss such a claim that "is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915A(b)(1); *see also* 28 U.S.C. § 1915(e)(2)(b)(i). The question of what is frivolous "is a discretionary one" left to trial courts, who "are in the best position to determine which cases fall into this category." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Generally, courts may dismiss claims as frivolous "only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.* at 32–33 (internal citations omitted).

Plaintiff's demand for $12 billion for an unexplained lien related to coins is "clearly baseless" and "fantastic," as Plaintiff provides no connection at all between the alleged "1999–2089" coin lien and the massive sum of money demanded. *See id.* at 32; Cover Sheet at 1. Similarly, for all of Plaintiff's other alleged injuries, summarized above, she has failed to provide any explanation at all of how her purported damages could approach such an extraordinary sum. *See Denton*, 504 U.S. at 32–33; Compl. at 1–5; *see also supra* at Background. Indeed, judges of this Court have found claims demanding far less money to be frivolous when, like the present action, there is no justification for the scale of the damages. *See, e.g.*, *Polinski v. United States*,

5

178 Fed. Cl. 736, 746 (2025) (finding claim for $36 million based on financial instrument without any indication of legitimacy to be frivolous); *Maat El v. United States*, No. 24-1563, 2024 WL 4851311, at *4 (Fed. Cl. Nov. 21, 2024) (finding claim for $100 million without justification frivolous). Given the fanciful sum of money requested and the lack of any facts to support the alleged claims, Plaintiff's action is "clearly baseless." *See Denton*, 504 U.S. at 32–33; *see also Jackson v. United States*, 612 F. App'x 997, 999 (Fed. Cir. 2015) (affirming dismissal of claim for "$10 billion from the United States for the use of [plaintiff's] purported hurricane prevention device" as frivolous). Accordingly, Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. § 1915A.

## II.    Jurisdiction

In any event, Plaintiff's claims all fall outside this Court's limited jurisdiction for two reasons: all the claims either sound in tort or are not brought against the United States. *See* 28 U.S.C. § 1491.

Even construing Plaintiff's *pro se* complaint in the most favorable light, Plaintiff appears to assert various torts and cites no money-mandating source of law, a prerequisite to invoke this Court's jurisdiction. *See Fisher*, 402 F.3d at 1172; *Roman*, 61 F.4th at 1370; *see also* 28 U.S.C. § 1491 (no jurisdiction over tort claims).

Indeed, Plaintiff's alleged injuries appear to sound in tort. *See* Compl. at 1–5. Plaintiff alleges, for example, the existence of several assaults, shootings, medical malpractice, and exposures to deadly diseases, all of which are torts, committed by unspecified actors or private actors. *See id.; supra* at Background. Plaintiff also alleges that the United States committed several tortious actions, including purported stalking and body disfigurement. *See* Compl. at 2. It is axiomatic, however, that this Court lacks jurisdiction over claims sounding in tort. 28 U.S.C. §

6

1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction . . . in cases not sounding in tort."); *Lopez v. United States*, No. 2024-1860, 2025 WL 685917, at \*2 (Fed. Cir. Mar. 4, 2025) (citing *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997)) ("[T]he Court of Federal Claims correctly identified that it lacks jurisdiction over tort actions against the United States."); *Eerhart v. United States*, No. 25-cv-1204, 2025 WL 2049710, at \*2 (Fed. Cl. July 22, 2025). As this Court lacks jurisdiction to consider tort claims, Plaintiff's claims sounding in tort must be dismissed pursuant to Rule 12(h)(3).

Further, though unclear, Plaintiff may be attempting to assert a claim of a debt arising from a lien (which, if so, would be Plaintiff's only claim not sounding in tort). *See* Cover Sheet at 1 (claiming an amount of "$12 billion(s) Debt owed to me/Inability to payout lien from 1999–2089 Coin(s)"). However, the Court must dismiss this claim, too, because Plaintiff does not allege that the United States owes the purported debt or that her alleged injury was caused by the United States. *See id*. As the Supreme Court has observed, jurisdiction of this Court is limited to claims "brought against the Government alone." *United States v. Sherwood*, 312 U.S. 584, 589 (1941). Accordingly, it is well-established that "[t]he United States is the only proper defendant in the Claims Court." *Lofton v. United States*, No. 2024-1959, 2025 WL 350360, at \*1 (Fed. Cir. Jan. 31, 2025) (citing 28 U.S.C. § 1491(a)(1)); see *Rodriguez v. United States*, No. 2025-1750, 2025 WL 3088623, \*1 (Fed. Cir. Nov. 5, 2025); see also *Sherwood*, 312 U.S. at 588 ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the [C]ourt."); 28 U.S.C. § 1491(a). Thus, Plaintiff's claims must all be dismissed for lack of jurisdiction because they either sound in tort or are brought against defendants other than the United States. *See* Rule 12(h)(3).

7

### III.    Plaintiff's IFP Application

"Proceeding *in forma pauperis* is a privilege , . . . . not a right[,]" and courts have a "duty to deny *in forma pauperis* status to those individuals who have abused the system." *Bryant v. United States*, 618 Fed. App'x 683, 685 (Fed. Cir. 2015) (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)); *In re Sindram*, 498 U.S. 177, 180 (1991). For this reason, a "court shall dismiss the case at any time" if the action to be filed *in forma pauperis* "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). As explained above, this action is frivolous. *See supra* at I. Further, the Court notes that Plaintiff previously has filed several frivolous actions in other federal courts. *See Ramirez v. United States*, No. 25-cv-1221 (E.D. Va. July 28, 2025) (finding frivolous a case filed under Plaintiff's alias); *Santiago-Ramirez v. Embassy of Ghana*, No. 25-607, 2025 WL 1784638, at *2 (D. Del. June 27, 2025) (finding case "clearly frivolous"); *Santiago v. Maryland*, No. 25-398, 2025 WL 1424553, at *2 (D. Del. May 16, 2025) (same); *Santiago-Ramirez v. Am. Airlines*, No. 25-466, 2025 WL 1424906, at *2 (D. Del. May 16, 2025) (same); *Remirez v. Senator of Del./N.J.*, No. 25-cv-2642, 2025 WL 1550218, at *2 (E.D. Pa. May 30, 2025) (finding frivolous a case filed under Plaintiff's alias). Accordingly, as the present action is frivolous, the Court denies Plaintiff's IFP Motion pursuant to 28 U.S.C. § 1915(e). *Maat El*, 2024 WL 4851311, at *2 ("[W]here plaintiffs have exhibited a history of frivolous or abusive filings, courts have an obligation to deny IFP status on the basis of vexatious litigation.") (cleaned up) (quoting *Straw v. United States*, Nos. 2021-1600, 2021-1602, 2021 WL 3440773, at *5 (Fed. Cir. Aug. 6, 2021) (collecting cases)); *Double Lion Uchet Express Tr. v. United States*, 149 Fed. Cl. 415, 423 (2020) (first citing *Manning v. United States*, 123 Fed. Cl. 679, 683 (2015), and then citing *Floyd v. United States*, 125 Fed. Cl. 183, 192 (2016)) ("[Section 1915] requires that the court deny an *in forma*

8

*pauperis* application if, in connection with or prior to ruling on the application, the court finds the case is frivolous.") (alterations in original).

## CONCLUSION

This Court lacks jurisdiction over Plaintiff's frivolous claims. Accordingly, for the reasons stated above, Plaintiff's Complaint (ECF No. 1) is **DISMISSED** pursuant to Rule 12(h)(3) and 28 U.S.C. § 1915A. Further, Plaintiff's IFP Application (ECF No. 2) is **DENIED** for frivolousness pursuant to U.S.C.§ 1915(e)(2)(B)(i). This Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal taken from this Order would not be in good faith, and therefore *in forma pauperis* status is denied for purposes of an appeal. The Clerk of Court is **DIRECTED** to enter Judgment accordingly and mark this case as closed.

IT IS SO ORDERED.



*Eleni M. Roumel*
ELENI M. ROUMEL
Judge

March 2, 2026
Washington, D.C.

9